ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
LANA MORTON-OWENS (Cal. SBN: 233831)
GRANT B. GELBERG (Cal. SBN: 229454)
     Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3547/2872
     Facsimile: (213) 894-3713/6269
     E-mail: lana.morton-owens@usdoj.gov
            grant.gelberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 11-922(A)-DDP (6) |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT <u>DAVID JAMES GARRISON</u> |
| v. | |
| MIKE MIKAELIAN et al., | |
| Defendants. | |

    1.    This constitutes the plea agreement between DAVID JAMES GARRISON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

    a)    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

first superseding indictment, which charges defendant with conspiracy to distribute Oxycontin, a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).

  b) Not contest facts agreed to in this agreement.

  c) Abide by all agreements regarding sentencing contained in this agreement.

  d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

  g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

  h) To recommend that defendant be sentenced to at least 97 months in custody, to run concurrently with the 72-month sentence imposed in United States v. David James Garrison, CR 08-1084(A)-CBM.

  i) To voluntarily dismiss the defendant's appeal in United States v. David James Garrison, No. 12-50456 (9th Cir.).

  j) Prior to sentencing, to execute all documentation necessary to permanently surrender his Physician's Assistance license.

1        k)  Prior to sentencing, to execute all documentation necessary to permanently surrender his DEA Registration Number.

3. Defendant further agrees:

      a)  To disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties or assets of any kind derived from, acquired as a result of or used to facilitate the commission of defendant's illegal activities, and to forfeit all defendant's right, title, and interest in and to such items.

      b)  To the Court's entry of an order of forfeiture at or before sentencing with respect to the personal money judgment of forfeiture. With respect to any criminal forfeiture relative to the personal money judgment of forfeiture which is ordered as a result of this plea agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that forfeiture is part of the sentence that may be imposed, and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea;

      c)  That the personal money judgment of forfeiture shall not be counted toward satisfaction of any special assessment, fine, restitution, costs or any other penalty the Court may impose; and

      d)  To waive all constitutional and statutory challenges to the entry of the personal money judgment of forfeiture on any

grounds, including any challenges based on the statute of limitations or the Excessive Fines Clause.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

    a) Not contest facts agreed to in this agreement.

    b) Abide by all agreements regarding sentencing contained in this agreement.

    c) At the time of sentencing, move to dismiss the indictment and the remaining counts of the first superseding indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    e) To recommend that defendant be sentenced to no more than 108 months to be served concurrently with the 72-month sentence imposed in United States v. David James Garrison, CR08-1084(A)-CBM.

    f) Within 7 days of the Ninth Circuit granting defendant's voluntary motion to dismiss his appeal, to voluntarily dismiss the government's cross-appeal in United States v. David Garrison, No. 12-50506 (9th Cir.).

## NATURE OF THE OFFENSE

1.  Defendant understands that for defendant to be guilty of the crime charged in count one of the first superseding indictment, that is conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), the following must be true: (1) beginning in or about August 2008 and continuing until in or about February 2010, there was an agreement between two or more persons to distribute OxyContin, a controlled substance; (2) defendant knew the agreement had an unlawful object or purpose; and (3) defendant joined in the agreement with the intent to further its unlawful object or purpose.

## PENALTIES AND RESTITUTION

1.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C) is: 20 years imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. Moreover, defendant understands that the Court must impose a period of supervised release of no less than three years.

2.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised

release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution to be ordered is approximately $2.7 million, but recognize and agree that these amounts could change based on facts that come to the attention of the parties prior to sentencing.

4. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral

consequences, including but not limited to mandatory exclusion from federal health care benefit programs for a minimum of five years, revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

5. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

6. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a pleas of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to the first superseding indictment Medicare was a federal health care benefit program, affecting commerce, that provided benefits to persons who were over the age of

7

65 or disabled, namely reimbursement for medically necessary services; Medi-Cal was a state and federally funded health care benefit program, affecting commerce, that provided reimbursement for medically necessary health care services to indigent persons in California; Medicare Part B provided coverage for medically necessary physician services, including outpatient office visits, and for outpatient tests, among other things; and Medicare Part D provided coverage for medically necessary prescription drugs through various prescription drug programs ("PDPs").

Beginning in approximately August 2008, and continuing until approximately February 2010, defendant knowingly conspired with co-defendants Mike Mikaelian, Anjelika Sanamian, Ashot Sanamian, Eleanor Santiago, Morris Halfon, Edgar Hovannisyan, Miran Derderian, and others to distribute and divert OxyContin, a Schedule II narcotic drug, without medical necessity and in contravention of the standard of medical care.

Beginning in or about January 2009, defendant began working as a Physician's Assistant ("PA") at the Lake Medical Group ("the Clinic"), a medical clinic located at 2120 West 8th Street in Los Angeles, California, within the Central District of California. While at the Clinic, defendant knew that the Clinic used paid "marketers" to recruit patients, including Medicare beneficiaries. Defendant also knew that the patients, including the Medicare beneficiaries, received remuneration in exchange for visiting the Clinic.

Defendant reviewed and made notes in charts of recruited patients, which included copies of Medicare Part B and Part D eligibility cards for the recruited patients. Defendant conducted a

cursory examination of some of the Medicare beneficiaries and issued prescriptions for 90 pills of OxyContin at 80mg strength without regard for the medical necessity of the prescriptions. On many occasions, defendant wrote prescriptions for 90 pills of OxyContin at 80mg strength without examining the patients and knowing that the patients' names were being used to divert the OxyContin. In many instances, defendant wrote or signed these fraudulent OxyContin prescriptions in the name of, and on the prescription pad belonging to, co-defendant Dr. Eleanor Santiago and other physicians at the Clinic.

In contravention of standard medical practice, defendant prescribed OxyContin to Medicare beneficiaries and other patients who had no objective pain symptoms, had never received an opiods for pain relief before, and/or who had medical conditions, such as respiratory issues, that made taking OxyContin dangerous. For instance, on or about the following dates, defendant prescribed OxyContin in the names of the following Clinic patients, without medical necessity, knowing and intending that Medicare PDPs would be billed for the OxyContin, that would later be sold by defendant Mikaelian for profit:

| Date | Quantity | Strength | Patient |
|---|---|---|---|
| February 17, 2009 | 90 pills | 80mg | patient "R.F." |
| February 20, 2009 | 90 pills | 80mg | patient "A.G." |
| February 20, 2009 | 90 pills | 80mg | patient "L.H." |
| February 20, 2009 | 90 pills | 80mg | patient "J.H." |
| March 11, 2009 | 90 pills | 80mg | patient "T.G." |
| March 13, 2009 | 90 pills | 80mg | patient "J.G." |
| March 23, 2009 | 90 pills | 80mg | patient "F.L." |
| June 11, 2009 | 90 pills | 80mg | patient "M.J." |

        August 10, 2009    90 pills 80mg  patient "C.H."

        January 13, 2010   90 pills 80mg  patient "C.P."

Defendant knew that pharmacies would bill Medicare PDPs for the medically unnecessary Oxycontin prescriptions for Medicare beneficiaries and intended to defraud those programs by writing those prescriptions for Oxycontin.

During the time period of defendant's participation in the conspiracy, PDPs and Medicare paid approximately $2.7 million to pharmacies for Oxycontin ordered by defendant and other Clinic medical personnel. In addition, and as was reasonably foreseeable to defendant, that Medicare Part D and Medicare PDPs paid approximately $2.7 million for OxyContin prescribed by the Clinic and its doctors during the conspiracy described above. Moreover, during the time of defendant's participation in the conspiracy, the Clinic diverted approximately 10,788 bottles of 90 pills, 80mg strength OxyContin, a total of approximately 77,673 grams of actual oxycodone. The street value of the OxyContin diverted by the Clinic during defendant's knowing participation in the scheme exceeded $17 million.

## SENTENCING FACTORS

7.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering

the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

8. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

    Drug Base Offense Level: 38   U.S.S.G. § 2D1.1(c)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

9. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

10. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

11. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 97 months, defendant gives up the right to appeal all of the following (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $2.7 million; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of

the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

13. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 108 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than 2.7 million.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

14. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

15. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

16. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

17. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

18. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

19. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office

and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

20. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

21. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_/s/_  Date 7/29/13
LANA MORTON-OWENS
GRANT B. GELBERG
Assistant United States Attorney

_/s/_  Date 7-29-13
DAVID JAMES GARRISON
Defendant

_/s/_  Date 7/29/2013
MICHAEL MEZA, ESQ.
Attorney for Defendant
DAVID JAMES GARRISON

_/s/ Karyn H Burcur_  Date 7-26-13
KAREN BURCUR, ESQ.
Attorney for Defendant
DAVID JAMES GARRISON

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions

that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    _7-29-13_____
DAVID JAMES GARRISON                Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEYS

We are DAVID JAMES GARRISON's attorneys. We have carefully and thoroughly discussed every part of this agreement with our client. Further, we have fully advised my client of his rights, of possible pretrial and post-trial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, or on appeal, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To each of our knowledge: no promises, inducements, or representations of any kind have been made to our client other than those contained in this agreement; no one has threatened or forced our client in any way to enter into this agreement; our client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support our client's entry of a guilty plea pursuant to this agreement.

_____  7/29/2013
MICHAEL MEZA, Esq.         Date
Attorney for Defendant
DAVID JAMES GARRISON

_____  7-26-13
KAREN BUCUR   Karyn M Bucur   Date
Attorney for Defendant
DAVID JAMES GARRISON